IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JIMMIE HILL and BARBARA HILL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 1-04-1151-T-An |
| | ) | |
| JAMES BOWLES, CHIEF OF POLICE | ) | |
| OF GIBSON, TENNESSEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE, IN PART, AND
DENYING DEFENDANTS' MOTION TO STRIKE, IN PART

Plaintiffs Jimmie and Barbara Hill brought suit in the Circuit Court of Gibson County, Tennessee, against Defendants James Bowles, Gibson Chief of Police, Wallace Keymon, Mayor of Gibson, and the Town of Gibson, Tennessee. Defendants removed the action to district court, arguing that Plaintiffs' claims appeared to be brought pursuant to 42 U.S.C. § 1983 because their complaint alleged action under color of law and retaliation and sought attorneys fees as well as a jury trial. Defendants filed this motion to strike the affidavits of Michael Maenza, Jimmie Hill, and Barbara Hill pursuant to Fed. R. Civ. P. 37(c). Plaintiff responded. For the following reasons, Defendants' motion is GRANTED with respect to Jimmie and Barbara Hill, but DENIED as to Michael Maenza.

Fed. R. Civ. P. 37(c) provides:

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 6/15/05

> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C)....

Rule 37(b)(2)(C) authorizes the court to strike any pleadings for failure to comply with an order or discovery rules.[1] Thus, when considering Rule 37(c)(1) and Rule(b)(2)(C) together, the court may strike any pleading if the party has failed to disclose or has provided a false or misleading disclosure.

1.  Michael Maenza

Defendants argue that the court should strike Michael Maenza's affidavit because Plaintiffs failed to disclose this witness either in their initial disclosures or in their discovery responses. Mr. Maenza is an employee with the Tennessee Department of Workplace Development, a subdivision of OSHA, and was allegedly contacted by Mr. Bowles to institute an auditing procedure against Mr. Hill's business.

Plaintiffs argue that they did not include Mr. Maenza on the witness disclosure list

---

[1] Defendant also argues for exclusion under Fed. R. Civ. P. 16(f) for failure of a party to obey a scheduling order pursuant to Rule 37. Rule 16(f) states that if a party:
> fails to obey a scheduling or pretrial order... or if a party or party's attorney fails to participate in good faith, the judge, upon motion or in the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

because his identity was not known until May 10, 2005. Plaintiffs' counsel states that she had made numerous phone calls to learn the identity the individuals contacted by Mr. Bowles but was unsuccessful. Patsy Mittelstaedt Aff. at ¶ 1. Plaintiffs' counsel also states that Mr. Bowles never indicated that he had contacted the Tennessee Department of Workplace Development and had only made the general statement that he had contacted OSHA. Patsy Mittelstaedt Aff. at ¶ 5. Finally, Plaintiffs' counsel states that it was not until her May 10th phone call to the Tennessee Department of Workplace Development that she learned of Mr. Maenza or that he had spoken with Mr. Bowles about auditing Mr. Hill's business. Patsy Mittelstaedt Aff. at ¶ 2.

On these facts, the motion to strike Mr. Maenza's affidavit is denied because Plaintiffs did not learn of him until May 10, 2005. In light of this new information, discovery will be reopened for sixty days to allow Defendants to take discovery of Mr. Maenza. Also, Plaintiffs will have thirty (30) days to update their witness list.

2.    Jimmie and Barbara Hill

Defendants argue that the court should strike the affidavits of Jimmie and Barbara Hill because the information in their affidavits directly contradict their previous responses, deposition testimonies, and admissions made in their responses. Specifically, Defendants refer to Barbara Hills statements that she has been "depressed" because she has "been targets of James Bowles, Mayor Wallace Keymon and Gibson Policemen," that she could not sleep, eat, and was "depressed and sick about all of the events taking place, and that she was "anxious, nervous and fearful over the actions of the Defendants." Barbara Hill Aff. at ¶ 1,4. In

3

addition, Jimmie Hill stated that his wife had been sick, worried, and depressed. Jimmie Hill Aff. at ¶ 3. He also stated that he had been "restless" over the incidents and has "sleepless nights, am depressed." Jimmie Hill Aff. at ¶ 2. Also, in Defendants' memorandum in support of their motion for summary judgment, Defendants stated a number of facts related to damages. Paragraph seventy-two stated that Plaintiffs claimed a loss of their truck, payment of a $2,500 fine to OSHA, and loss of time responding to audits from various agencies. In Plaintiffs' response, they admitted that these were claimed damages. Plaintiffs' Response to Material Facts Upon Which Defendants Rely in Support of Their Motion for Summary Judgment, at ¶ 72.

In contrast, Defendants refer to Plaintiffs' numerous admissions that they did not suffer from emotional damages and that Barbara Hill had suffered no damages whatsoever. In response to Defendants' interrogatory, Plaintiffs were asked to identify all losses, expenses, and/or damages that are contended in this case, to which the answer was "none." Defendants' Interrogatory No. 4. Further, Barbara Hill was deposed as to any problems she may have as a result of the alleged incidents and answered "what problems do I have?"... "none." Barbara Hill Depo. at 25-26. In addition, in paragraph seventy-three of Defendants' memorandum in support of their motion for summary judgment, Defendants stated that "Plaintiffs do not list mental anguish or emotional distress in their Disclosures and Interrogatories and no damages are listed for Barbara Hill." Plaintiffs admitted this statement in their response. Plaintiffs' Response to Material Facts Upon Which Defendants Rely in Support of Their Motion for Summary Judgment, at ¶ 73. Paragraph seventy-four asked for "information with respect to

4

Plaintiffs' medical, psychological, and counseling treatment for the last 10 years," to which Plaintiff responded "N/A." Plaintiffs' Response to Material Facts Upon Which Defendants Rely in Support of Their Motion for Summary Judgment, at ¶ 74. Lastly, Plaintiffs "admitted" in their response that "they received no medical treatment as a result of the alleged incidents, and Barbara Hill stated that she had no problems that she related to the incidents." Plaintiffs' Response to Material Facts Upon Which Defendants Rely in Support of Their Motion for Summary Judgment, at ¶ 75.

In Lockard v. General Motors Corp., 52 Fed.Appx. 782 (6th Cir. 2002), the Sixth Circuit upheld the district court's decision to strike "'the portions of the Plaintiff's affidavits which contradict her previous testimony.'" 52 Fed.Appx. at 789 (quoting Lockard v. General Motors Corp., 128 F.Supp.2d 458 (N.D.Ohio 2001)). In affirming the district court, the Sixth Circuit held that "[a] party who has been examined at length at deposition cannot create a genuine issue of material fact by later submitting an affidavit that contradicts previously sworn testimony." Id. (citing Penny v. United Parcel Serv., 128 F.3d 408, 416 (6th Cir. 1997); Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986)). Because the Lockard plaintiff's affidavit was inconsistent with her deposition, the district court did not abuse its discretion by striking those portions of the affidavit that contradicted the sworn testimony. Id. at 789-90.

In the present case, Plaintiffs' affidavits are inconsistent with their depositions and answers to Defendants' interrogatories. While Plaintiffs claim damages and emotional damages in their affidavits and in paragraph seventy-two of Plaintiffs' response to Defendants' motion for summary judgment, Plaintiffs contradict themselves by answering that they did not

5

suffer from damages or emotional damages in other documents. For example, in response to Defendants' Interrogatory No. 4, Plaintiffs failed to identify any losses, expenses, and/or damages contended in this case. In addition, Barbara Hill's deposition stated that did not have any problems as a result of the alleged incidents with Defendants. Further, in Plaintiffs' response to Defendants' motion for summary judgment, they admitted that they "do not list mental anguish or emotional distress in their Disclosures or Interrogatories and no damages are listed for Barbara Hill." Plaintiffs' Response to Material Facts Upon Which Defendants Rely in Support of Their Motion for Summary Judgment, at ¶ 73. Finally, Plaintiffs described a section requesting their medical, psychological, and counseling treatment as not applicable. Accordingly, all portions of Jimmie and Barbara Hill's affidavits that are in contradiction to their answers to Defendants' interrogatories or their sworn depositions are struck pursuant to Rule 37(c).

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

15 June 2005
_____
DATE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 1:04-CV-01151 was distributed by fax, mail, or direct printing on June 15, 2005 to the parties listed.

---

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Sam J. Watridge
LAW OFFICE OF SAM J. WATRIDGE
1215 Main Street
Humboldt, TN 38343

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT