# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE HILL and BARBARA HILL | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 1:04-1151-T-An |
| | ) | |
| JAMES BOWLES, Chief of Police of | ) | |
| the Town of Gibson, Tennessee, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER PARTIALLY GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

---

On October 20, 2005, Defendants James Bowles, Wallace Keymon, and the Town

of Gibson, Tennessee renewed their jointly-filed motion to dismiss and/or motion for

summary judgment. Plaintiffs Jimmie Hill[1] and Barbara Hill responded on November 21,

2005. Among the arguments submitted in Defendant' motion is that Defendant Town of

Gibson (Defendant "Town") is entitled to dismissal and/or summary judgment at this stage

because it is well-settled law that 42 U.S.C. § 1983 does not permit the imposition of

*respondeat superior* liability on a municipal corporation defendant. *See* Defs.' Renewed

Mot. to Dismiss and/or Mot. for Summ. J. at 7 (citing *Monnell v. Dep't of Soc. Servs.*, 436

U.S. 658, 694 (1978)). Throughout this litigation, however, the sole basis for municipal

liability asserted by Plaintiffs has been that Defendant Town "is liable as a result of the . .

---

[1]Jimmie Hill's first name is sometimes spelled "Jimmy" in the record.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 12/12/05

39

. acts of its employees." Am. Compl. ¶ 6; *see also, e.g.,* Compl. ¶ 16; Pls.' Resp. to Defs.' Renewed Mot. to Dismiss and/or Mot. for Summ. J. at 14, ¶ 15 (arguing that Defendant Town "is responsible for the acts of its Mayor and Chief of Police). Because the theory of federal liability unambiguously asserted by Plaintiffs as to Defendant Town directly contradicts binding and well-established law, the court finds that Defendant Town is entitled to have the claims against it dismissed without further ado.

The § 1983 claims asserted against Defendant James Bowles and Defendant Wallace Keymon in their official capacities shall also be dismissed. Official capacity claims are treated as claims against the employing entity—here, Defendant Town. *See, e.g., Knott v. Sullivan,* 418 F.3d 561, 574–75 (6th Cir. 2005). As the court has already determined that Defendant Town cannot be liable in this particular case, it follows that the official capacity claims against Defendants Bowles and Wallace are likewise without merit.

Accordingly, Defendants' Renewed Motion to Dismiss and/or Motion for Summary Judgment is PARTIALLY GRANTED. The § 1983 claims against Defendant Town of Gibson, Tennessee are DISMISSED. The § 1983 claims against Defendant James Bowles in his official capacity as Chief of Police of the Town of Gibson, Tennessee are DISMISSED. The § 1983 claims against Defendant Wallace Keymon in his official capacity as Mayor of the Town of Gibson, Tennessee are DISMISSED. Defendants Bowles and Keymon shall remain defendants in their individual capacities. The court will decide whether either or both of those defendants are entitled to dismissal and/or summary

judgment in a future decision.

IT IS SO ORDERED.

_James D. Todd_
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_6 December 2005_
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 39 in case 1:04-CV-01151 was distributed by fax, mail, or direct printing on December 12, 2005 to the parties listed.

---

Fred Collins
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Wanda Brown
GIBSON COUNTY CHANCERY COURT
Municipal Bldg.
1421 Osborne St.
Humboldt, TN 38343

Sam J. Watridge
LAW OFFICE OF SAM J. WATRIDGE
1215 Main Street
Humboldt, TN 38343

Michael R. Hill
FLIPPIN COLLINS & HILL, PLLC
P.O. Box 679
Milan, TN 38358

Honorable James Todd
US DISTRICT COURT